**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patsy Agustinez, | No. CV-23-08555-PCT-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Patsy Agustinez seeks review of the Social Security Commissioner's final decision denying her disability insurance benefits. Because the Administrative Law Judge's ("ALJ") decision was supported by substantial evidence and is not based on harmful legal error, it is affirmed.

**I. Background**

Agustinez filed an application for disability insurance benefits on November 30, 2020,[1] alleging a disability beginning June 30, 2018. (Administrative Record ("AR") 199, Doc. 8-6 at 2). Agustinez alleged she was disabled and therefore unable to work because of medical conditions including blindness/low vision, breast cancer, psoriatic arthritis, depression, fibromyalgia, and bipolar disorder. (AR 229.)

Agustinez's claim was denied initially and on reconsideration. (AR 14.) Agustinez

---

[1] Agustinez, the ALJ, and the administrative record all give different dates for when her disability application was filed (*compare* AR 14 *with* Doc. 10 at 1 *and* AR 199), but none of the dates offered have an impact on the court's analysis.

1 then presented her case to an ALJ who found she was not disabled. (AR 25, 30–67.) The
2 Appeals Council denied Agustinez's request for review. (AR 2). Agustinez then appealed
3 to this court.

### II. Legal Standard

The court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance" of evidence and is such that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). The court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

### III. Discussion

Agustinez argues the ALJ committed two materially-harmful legal errors in analyzing her claim: (1) he rejected the assessment of Anna Symond, a physician's assistant who evaluated Agustinez in a consultative exam; and (2) he should have found Agustinez's past relevant work to be a composite job, *i.e.*, one with significant components of two different jobs. Agustinez seeks a remand for a calculation of benefits, or, in the alternative, for further administrative proceedings.

#### A. The ALJ's Five-Step Disability Evaluation Process

Under the Social Security Act, a claimant for disability insurance benefits must establish disability prior to the date last insured. 42 U.S.C. § 423(c); 20 C.F.R. § 404.131. A claimant is disabled under the Act if she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment that has lasted, or can be expected to last, for a continuous period of twelve months or more. 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).

Whether a claimant is disabled is determined by a five-step sequential process. *See Woods v. Kijakazi*, 32 F.4th 785, 787 n.1 (9th Cir. 2022) (summarizing 20 C.F.R. § 404.1520(a)(4)). The claimant bears the burden of proof on the first four steps, but the

burden shifts to the Commissioner at step five. *White v. Kijakazi*, 44 F.4th 828, 833 (9th Cir. 2022). At step three, the claimant must show her impairment or combination of impairments meets or equals the severity of an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). At step four, the claimant must show her residual functional capacity ("RFC")—the most she can do with her impairments—precludes her from performing her past work. *Id.* If the claimant meets her burden at step three, she is presumed disabled and the analysis ends. If the inquiry proceeds and the claimant meets her burden at step four, then at step five the Commissioner must determine if the claimant is able to perform other work that "exists in significant numbers in the national economy" given the claimant's RFC, age, education, and work experience. *Id.* at § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.*

The ALJ found that Agustinez met her burden at step one and two, although she did not stop working due to her medical conditions but rather because her contract ended. (AR 16.) The ALJ then determined Agustinez's severe impairments were obesity, breast cancer status post lumpectomy, psoriatic arthritis, and fibromyalgia. (AR 16–19.) At step three, the ALJ determined those impairments or combination of impairments did not meet or medically equal the severity of impairments listed in the relevant appendix. (AR 19.) Moving to step four, the ALJ determined Agustinez could perform "light work" as defined at 20 C.F.R. § 404.1567(b) with some additional limitations. (AR 19–24.) With those limitations, the ALJ found that Agustinez's RFC meant she could perform her past relevant work as an administrative assistant. (AR 24–25.) In evaluating Agustinez's RFC the ALJ considered her entire medical record but discounted Symond's assessment. (AR 19–25.)

**B. The ALJ's Evaluation of Symond's Medical Opinion**

For claims filed after 2017 like Agustinez's, the most important factors an ALJ considers in evaluating medical opinions are "supportability" and "consistency." *Woods*, 32 F. 4th at 791 (citing 20 C.F.R. § 404.1520c(a)). "Supportability" refers to the extent to which a medical source grounds the opinion in an explanation of the relevant objective medical evidence. *Id.* "Consistency" refers to the extent to which the opinion accords with

evidence from other medical and nonmedical sources. *Id.* at 792. An ALJ must explain how he considered the supportability and consistency factors when explaining how persuasive he finds a medical opinion. *Id.* But under the 2017 regulations, an ALJ need not provide "specific and legitimate reasons" for rejecting a treating doctor's opinion. *Id.* Instead, "an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

Symond evaluated Agustinez on February 16, 2021. (AR 558–65.) She noted Agustinez "has pain with palpation of her shoulders and elbows bilaterally and of the [sacroiliac] joints[2] bilaterally." (AR 561.) Agustinez also had "pain with palpation of the spine, cervical, thoracic, [and] lumbar" joints. (AR 561.) Agustinez's strength was a four out of five in the bilateral upper and lower extremities and her grip strength was a four out of five. (AR 561.) Applying approximately four kilograms of force elicited tenderness in fifteen of eighteen fibromyalgia tender points. (AR 561.)

Symond noted several limitations in Agustinez's ability to do work-related activities and believed her conditions would impose work limitations for at least twelve months. (AR 563–65.) Symond believed Agustinez was limited to occasionally lifting twenty pounds, but she could frequently lift ten pounds. (AR 563.) She also indicated Agustinez would be limited to standing and/or walking between two and four hours in an eight-hour workday. (AR 563.) Symond based her findings on Agustinez's fibromyalgia with fifteen of eighteen tender points, psoriatic arthritis with shoulders and elbows tender to palpation, weakness in extremities, weak grip strength, and spinal tenderness. (AR 564.) Most importantly for the analysis here (because the vocational expert testified that someone with this limitation could not perform Agustinez's past work (AR 63)), Symond believed Agustinez could only reach or handle occasionally. (AR 564.) Symond's reason for all the activity restrictions she concluded were necessary—which included reaching and handling but also climbing, balancing, kneeling, and crouching, among others—was "[b]ased on fibromyalgia with

---

[2] The sacroiliac joints sit where the lower spine and pelvis meet. Mayo Clinic Staff, *Sacroiliitis*, Mayo Clinic (Feb. 22, 2024), https://www.mayoclinic.org/diseases-conditions/sacroiliitis/symptoms-causes/syc-20350747.

15/18 tender points," "[p]soriatic arthritis with shoulder and elbows tender to palpation," "[s]houlder pain on range of motion," "[s]pinal pain of cervical, thoracic, lumbar and sacral," "[s]acroiliac joints tender to palpation," and Agustinez's need to "accomplish activities of daily living slowly and deliberately." (AR 564.)

The ALJ rejected Symond's standing and walking restrictions because they were not supported by the medical records and "because it seemed she was trying to compensate for [Agustinez's] fatigue[.]" (AR 23.) The ALJ also claimed Agustinez's strength "was tested in various records from her primary care physician, which were full strength" and "those examinations [were] more persuasive and supported by the entire record." (AR 23.) The ALJ rejected Symond's reaching and handling restrictions because there was "no evidence of reaching and handling restrictions in any of [Agustinez's] exams or in the treatment." (AR 23.)

Under the post-2017 regulations, an ALJ must "articulate . . . how persuasive" he finds medical opinions from each doctor or other source and "explain how [he] considered the supportability and consistency factors" in reaching those findings. *Woods*, 32 F.4th at 791 (citing 20 C.F.R. § 404.1520c(b)). Here, if the ALJ's brief explanation alluding to a lack of supportability and consistency between Symond's opinion and the objective medical evidence clears that bar, it does so only barely. *See Roy v. Comm'r of Soc. Sec. Admin.*, No. 3:20-cv-8292-JAT, 2022 WL 34678, at *6 (D. Ariz. Jan. 4, 2022) (finding ALJ's rejection of medical opinion unsupported where the ALJ did not specifically cite to anything in the record).

But even if the ALJ's level of explanation was insufficient, that error is harmless because Symond's assessment of Agustinez was not adequately supported or consistent with the medical record. *Palmer v. O'Malley*, No. 22-16448, 2024 WL 1904347, at *1 (9th Cir. May 1, 2024) ("Although the ALJ did not specifically articulate her analysis of the supportability and consistency factors, the ALJ's conclusion . . . [was] supported by substantial evidence. Accordingly, to the extent the ALJ erred by failing to clearly articulate how she considered the supportability factor, any such error was harmless.");

*Erika M. v. Kijakazi*, No. 22CV651-MSB, 2023 WL 5042875, at *5 (S.D. Cal. Aug. 8, 2023). As to supportability, Symond's explanation was brief and conclusory, failing to specify why Agustinez's joint tenderness and pain permitted occasional rather than frequent reaching, handling, climbing, and stooping. (AR 564.) *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (ALJ may reject medical opinions that are "brief, conclusory, and inadequately supported by clinical findings"); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 6091 (9th Cir. 1999) (substantial evidence supported ALJ's rejection of physician opinion that "did not explain *how* [claimant's] characteristics precluded work activity"). More problematic, though, was the opinion's lack of consistency with the rest of the records. Neither state physician mentioned that Agustinez had reaching or handling restrictions and none of the other medical records describe Agustinez reporting problems reaching or handling. (AR 81–87, 98, 104–107.) Thus, although he did not cite specific conflicting evidence, the ALJ's rejection of Symond's opinion was supported by substantial evidence. *Woods*, 32 F. 4th at 791 (citing 20 C.F.R. § 404.1520c(a)).

### C. The ALJ's Evaluation of Agustinez's Past Relevant Work

The vocational expert testified at the administrative hearing that Agustinez's past work could be classified as an "administrative assistant" as defined by the Dictionary of Occupational Titles ("DOT"), which characterizes that job as "sedentary." (AR 24, 62.) DOT 169.167-010. Relying on that definition and the ALJ's conclusion that Agustinez's RFC meant she could perform "light work" (which is less restrictive than "sedentary work") the ALJ concluded Agustinez could perform her past relevant work and so she was not disabled. (AR 16, 24–25.)

Agustinez argues the ALJ erred in this determination because her past work was a "composite job," meaning it has "significant elements of two or more occupations and, as such, [has] no counterpart in the DOT." SSR 82-61, 1982 WL 31387, at *2. (*See* Doc. 10 at 8–10). A finding that Agustinez's past work was a composite job would have required the ALJ to consider the full spectrum of the significant duties performed in Agustinez's past job when evaluating if she could still perform it. *See Andrick v. Comm'r of Soc. Sec.*

*Admin.*, 669 F. Supp. 3d 819, 824–25 (D. Ariz. 2023) (citing *Stacy v. Colvin*, 825 F.3d 563, 570 (9th Cir. 2016)). Agustinez does not appear to have raised this argument before the agency. (*See* AR 30–67, 280–81.) To the contrary, both Agustinez and her attorney specifically described her prior work as being an "administrative assistant." (AR 37, 38, 64.)

When a social security claimant is represented by counsel at their administrative hearing, as Agustinez was (AR 30), a failure to raise an argument to the agency forfeits the claimant's ability to raise that argument for the first time at a district court.[3] *See Hurtado v. Berryhill*, 749 F. App'x 663, 664 (9th Cir. 2019) (holding that the claimant had forfeited his composite job argument because he did not raise it to the agency or challenge the vocational expert's testimony at his hearing); *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) (quoting *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999)) ("[A]t least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal."). Agustinez therefore forfeited her composite job argument.

But even if Agustinez had raised it, the argument would have failed. Agustinez now contends she performed job duties that "contain significant elements of the job of Teacher Aide II (DOT 249.367-074)," which would make her job composite. (Doc. 10 at 10.) Agustinez was officially an administrative assistant at a school district (AR 37) but sometimes performed other duties like chaperoning students on field trips, checking them into lunch to receive their meals, occasional teaching, and supervising students when they watched a movie. (AR 39.) But she testified these jobs only took up an hour or two of her workdays, claiming "[i]t was not like [I was] a teacher . . ." (AR 39.) Recognizing Agustinez's job may not have been that of a typical administrative assistant as defined in the DOT, the ALJ specified that she was currently "able to perform" her past job "as *generally performed*." (AR 25) (emphasis added).

When a past job by a claimant "involved functional demands and job duties

---

[3] The Commissioner did not raise this argument in its brief and the court is not aware of any case law indicating whether this type of forfeiture may be raised *sua sponte*.

- 7 -

significantly in excess of those generally required for the job by other employers throughout the national economy" ALJs may use the "as generally performed" test. This test is used to determine if the claimant has the capacity to perform their past work as generally performed in the national economy rather than as the claimant actually performed it. *Stacy*, 825 F.3d at 569–70. Even if Agustinez performed these non-administrative assistant duties for one to two hours every day, 75% to 87.5% of her job was as an administrative assistant. Such a small percentage of duties outside a DOT-defined job does not "change the fundamental nature" of a claimant's work, allowing an ALJ to apply the "as generally performed" test without conducting a composite job analysis. *Id.*; *see also Farr v. Berryhill,* 706 F. App'x 363, 364–65 (9th Cir. 2017). Because Agustinez failed to establish that her past job was a composite job or that she could not perform her past job as generally performed, her challenge to the ALJ's step-four analysis would have failed even if she had not forfeited the argument. *See Farr*, 706 F. App'x at 364–65 (citing *Stacy*, 825 F.3d at 569).

### IV. Conclusion

The ALJ's dismissal of Symond's medical opinion was supported by substantial evidence. Agustinez also forfeited the composite job argument she now brings, but the argument would fail even if she hadn't. As a result, the ALJ's decision is affirmed.

**IT IS ORDERED** affirming the August 31, 2022, decision of the ALJ.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 24th day of September, 2024.

Honorable Krissa M. Lanham
United States District Judge